# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JANET JOHNSON,

    Plaintiff,

vs.

TYSON FRESH MEATS, INC.; IOWA BEEF PROCESSORS, INC.,

    Defendants.

No. C05-2041

**ORDER**

_____

This matter comes before the court pursuant to Plaintiff Janet Johnson's June 7, 2005 motion to amend/correct the complaint (docket number 5). For the following reasons, the plaintiff's motion to amend/correct is granted.

## Procedural Background

The plaintiff initially brought this action in the Iowa District Court for Black Hawk County against Defendants Tyson Fresh Meats, Inc. and Iowa Beef Processors, Inc. alleging violations of the Iowa Civil Rights Act (ICRA), the Iowa Hate Crimes Act, and the Constitution of the State of Iowa. The defendants filed a Notice of Removal with this court on April 19, 2005, based on diversity of citizenship.[1] The plaintiff now seeks to amend her Complaint to add several individual defendants, including Duane Bailey, Mike Buckels, Dzebo Dizderevic, David Duncan, Ricky Gleason, Tom Hart, Rauko Mrksil, Randy Schultz, Dick Yerkes, Cory (last name unknown), and John (last name unknown), as well as several additional theories of recovery, including (1) amending Count I to include the individual defendants; (2) adding Count VI, which alleges assault and battery

---

[1] In support of the Notice of Removal, the defendants noted that Defendant Tyson Fresh Meats, Inc. is "incorporated in Delaware with its principal place of business in Arkansas."

1

against individual defendants Bailey, Dizderevic, Gleason, and Mrksic; (3) adding Count VII, which alleges negligent hiring, retention, and supervision; and (4) adding Count VIII, which alleges negligence/breach of assumed duty.

## Conclusions of Law

Fed. R. Civ. P. 15(a) provides that leave to amend shall be freely given when justice so requires. The Supreme Court has stated that the granting of leave to amend is within the discretion of the district court. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330 (1971). However, in the absence of a good reason for the denial of the motion, such as undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice, or futility of the amendment, denial of leave to amend is an abuse of discretion. Foman v. Davis, 371 U.S. 178, 182 (1962).

28 U.S.C. § 1447(e) provides in relevant part:

> [If] after a case is removed, a plaintiff seeks to join non-diverse defendants whose joinder would destroy diversity, the district court may permit or deny joinder. If joinder is denied, the court continues to have jurisdiction over the case. However, if joinder is permitted, diversity jurisdiction no longer exists and the court must remand the case to state court.

28 U.S.C. § 1447(e).

In the present case, if the plaintiff's motion to amend is granted and she is allowed to add the individual defendants, complete diversity no longer exists and, therefore, federal subject matter jurisdiction no longer exists. Brcka v. St. Paul Travelers Companies, Inc., 366 F. Supp. 2d 850, 851 (S.D. Iowa 2005). Because of the complete diversity requirement, a plaintiff may prevent or removal or destroy diversity simply by joining to the suit a non-diverse defendant, unless that joinder is fraudulent. See Foslip Pharmaceuticals, Inc. v. Metabolife Intern., Inc., 92 F. Supp. 2d 891, 901 (N.D. Iowa 2000) (citing Commercial Sav. Bank v. Commercial Fed. Bank, 939 F. Supp. 674 (N.D. Iowa 1996). Fraudulent joinder occurs when the plaintiff files a frivolous or otherwise

2

illegitimate claim against a nondiverse defendant solely to prevent removal or destroy diversity. See Foslip Pharmaceuticals, 92 F. Supp. 2d at 901. The court may disregard the citizenship of fraudulently joined defendants when determining whether complete diversity exists.[2] Id. A plaintiff is free to avoid the federal forum by the device of properly joining a nondiverse defendant or a nondiverse co-plaintiff. See Id. (citing Medicine Bow Coal Co., 556 F.2d at 406.

"The heavy burden of proving fraudulent joinder rests on the defendant [alleging fraudulent joinder], and all doubts should be resolved in favor of remand." Id. at 903 (citing Commercial Sav. Bank, 939 F. Supp. at 680). The defendants thus must demonstrate that the nondiverse defendants have been added solely to deprive the federal court of jurisdiction. See Id. "If there is a reasonable basis for asserting that state law might impose liability on the resident defendant[s] under the facts alleged, then the joinder was not fraudulent." Id. Said another way, if there is a possibility that the plaintiff will be able to establish a cause of action against the joined defendants in state court, then the defendant cannot meet its burden of establishing fraudulent joinder. See Id. at 907 (citing Oliva v. Chrysler Corp., 978 F. Supp. 685, 689 (S.D. Texas 1997)).

Finally, in determining whether to permit or deny joinder of the nondiverse defendants, the court must:

> [B]alance the defendant's interest in retaining the federal forum with the plaintiff's competing interest in avoiding parallel federal and state litigation. Courts consider whether the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has delayed in requesting amendment, whether the plaintiff will be significantly injured it the amendment is refused and any other factor bearing on the equities.

---

[2] If the nondiverse party sought to be joined is "not a real party in interest, and is purely a formal or nominal party, his or its presence in the case may be ignored in determining jurisdiction." Id. (citing Iowa Pub. Serv. Co. v. Medicine Bow Coal Co., 556 F.2d 400, 404 (8th Cir. 1977)).

Brcka, 366 F. Supp. 2d at 853 (citing Ryan v. Schneider Nat'l Carriers, Inc., 263 F.3d 816, 819 (8th Cir. 2001)).

## The Parties' Arguments

In support of her motion to amend, the plaintiff asserts that (1) granting the plaintiff leave to amend will not result in undue delay because the case is still in the very early stages of litigation; (2) the plaintiff's delay in adding several of the defendants and theories of recovery is both explainable and excusable as she "faces a real threat of retaliation at the hands of her supervisors and co-workers that she names individually" and "can only imagine what orders will be given [concerning harassing her to motivate her to quit her job] once her supervisors learn they are named in a lawsuit"; (3) the plaintiff's delay in seeking amendment is further explainable because "[o]nly recently has [she] discovered the identities of certain [d]efendants and still others who are no longer employed by the corporate [d]efendants are undiscoverable before the parties have had an opportunity to conduct discovery"; (4) the defendants will not be prejudiced if the plaintiff is allowed to amend her Complaint because the parties have had no initial disclosures, and there has been no scheduling order or discovery deadline; (5) a state forum will not prejudice the defendants because all claims in the plaintiff's original and amended Complaints arise under Iowa law; (6) "[a]llowing [the plaintiff] to add claims and join parties whose actions are at the very heart of the dispute would promote judicial economy by preventing [the plaintiff] from having to bring dual state and federal actions against [the defendants] arising out of identical facts and transactions"; (7) all of the plaintiff's claims arise under state law and accordingly, would be more appropriately addressed in a state forum; and (8) the prejudice that would come to the plaintiff if the court denies its motion to amend "greatly outweighs" any prejudice to the defendants as "denial of leave to amend may preclude claims [that the plaintiff] would otherwise have against [the] defendants."

The defendants resist, arguing that the plaintiff's proposed amendment is nothing more than "a transparent effort to defeat federal jurisdiction." First, the defendants argue that the plaintiff is attempting to add parties who are not proper defendants for her Civil Rights claims, and accordingly, it is clear that the plaintiff's sole reason for adding the "proffered defendants is to destroy diversity which rightfully exists in this case between the [p]laintiff and the party she originally intended to sue, [Defendant] Tyson." Specifically, the defendants argue that in regard to the plaintiff's attempt to amend Count I to include "individual defendants," such amendment would be improper because Iowa Code Chapter 216 "does not allow causes of action against individual defendants where the ultimate liability remains with the employer."[3] The defendants further argue that the plaintiff "will not be injured by having her motion [to amend] denied because she still may file separate causes of action for assault and/or negligent hiring and supervision against these defendants" as "[s]uch actions are separate and distinct from her civil rights claim." Further, the defendants argue that the plaintiff's motion to amend should be denied in regard to adding Counts VI, VII, and VII as those claims are completely unrelated to the plaintiff's Civil Rights claim. The defendants also argue that the plaintiff's proffered parties are not indispensable or proper parties to the lawsuit because "it is not necessary to add these defendants to the original action in order to obtain complete relief, and their absence does not impair the [p]laintiff's ability to pursue her cause of action against [Defendant] Tyson."

The defendants further argue that when the court looks to the face of the pleadings in order to determine whether the proffered parties are indispensable or proper parties, it is clear that because the plaintiff sued the defendants under the Iowa Civil Rights Act and

---

[3] In support of the contention that Iowa Code Chapter 216 does not allow causes of action against individual defendants "where the ultimate liability remains with the employer," the defendants cite to Accordino v. Langman Constr., Inc., 862 F. Supp. 237, 239 (S.D. Iowa 1994) and Bales v. Wal-Mart Stores, Inc., 972 F. Supp. 483, 489 (S.D. Iowa 1997).

5

"individual defendants cannot be sued under this provision," no cause of action appears against the proffered defendants "on the face of the original complaint." Finally, the defendants argue that the plaintiff's motion to amend should be denied because there are no other equitable considerations which would support allowing the plaintiff to amend her Complaint to add the nondiverse parties. Specifically, the defendants assert that the plaintiff's contention that any lack of timeliness in seeking to amend is in part due to not knowing the identity of some of the individuals is "disingenuous at best," as "virtually all of [the proffered parties] were identified in the plaintiff's Civil Rights Complaint," and that the plaintiff's claim that she hesitated to name certain individuals for fear of retaliation is equally incredible as the plaintiff has "repeatedly made various allegations against these very same people she now sues."

The court finds that the defendants have not demonstrated that the plaintiff's amended Complaint constituted fraudulent joinder. The defendants have not pointed to any evidence which would indicate that the plaintiff's claims against the additional proffered individual defendants are frivolous or otherwise illegitimate. See Foslip Pharmaceuticals, 92 F. Supp. 2d at 901. Neither have the defendants shown that there is no possibility that the plaintiff will be able to establish a cause of action against the joined defendants in state court. See Foslip Pharmaceuticals, 92 F. Supp. 2d at 907 (citing Oliva, 978 F. Supp. at 685). Further, the defendants have not established that the additional proffered individual defendants are not real parties in interest or that the individual defendants named in the amended Complaint are immune from suit under Iowa Code Chapter 216. Specifically, the court finds the defendants' argument that the plaintiff may not sue individual defendants under Iowa Code Chapter 216 to be without merit. The cases to which the defendants cite in support of this proposition are not persuasive on the issue. First, Accordino v. Langman Construction, Inc., 852 F. Supp. 237 (S.D. Iowa 1994) held only that individual supervisors are not personally liable under Title VII. Second, while it is true that the court in Bales v. Wal-Mart Stores, Inc., 972 F. Supp. 483 (S.D. Iowa 1999)

likened Iowa Code Chapter 216 to Title VII and then held that individual supervisors could not be held liable under Chapter 216, the Iowa Supreme Court, in Vivian v. Madison, 601 N.W.2d 872 (Iowa 1999) held to the contrary and ruled that supervisors are subject to individual liability for unfair employment practices under the ICRA. Specifically, the Iowa Supreme Court in Vivian found that Iowa Code Chapter 216 and Title VII are noticeably different in respect to the question of individual liability, where Title VII only holds "employers" liable and Iowa Code Chapter 216 additionally holds "persons" liable. The court, in Vivian noted:

> The legislature's use of the words 'person' and 'employer' in Section 216.6(1), and throughout the chapter, indicates a clear intent to hold a 'person' subject to liability separately and apart from the liability imposed on an 'employer.' A contra interpretation would strip the word 'person' of any meaning and conflict with our maxim of statutory evaluation that laws are not be construed in such a way as to render words superfluous . . . . Moreover, we are guided by what the legislature actually said, rather than what it could or should have said.

Vivian, 601 N.W.2d 872, 878 (Iowa 1999) (internal citations omitted).

The court further finds that the plaintiff's interest in avoiding parallel federal and state litigation outweighs the defendants' interest in retaining the federal forum. See Brcka, 366 F. Supp. 2d at 853 (citing Ryan, 263 F.3d at 819). If the plaintiff's motion to amend were denied, the claims to be tried in the state and federal courts would arise out of the exact same set of facts and circumstances, resulting in excessive, inefficient, and unnecessary duplication. Finally, the court finds that the defendants will not be prejudiced by the amendment to the Complaint as this case is still in the very early stages of litigation.

Upon the foregoing,

IT IS ORDERED that the plaintiff's motion to amend her Complaint is granted as requested. Because the plaintiff's motion for joinder of the nondiverse defendants is granted, diversity jurisdiction no longer exists. Pursuant to 28 U.S.C. § 1447(e), this

7

matter is remanded to the Iowa District Court for Black Hawk County for further proceedings.

June 29, 2005.

_____
JOHN A. JARVEY
Magistrate Judge
UNITED STATES DISTRICT COURT