**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

JANET JOHNSON,

        Plaintiff,

vs.

TYSON FRESH MEATS, INC. and
IOWA BEEF PROCESSORS, INC.,

        Defendants.

No. C-05-2041-LRR

**ORDER**

_____

*TABLE OF CONTENTS*

*I.*     **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*    **BACKGROUND** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*   **THE MERITS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

      *A.*     *THE REMAND ORDER* . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*

      *B.*     *MOTION FOR LEAVE TO AMEND* . . . . . . . . . . . . . . . . . . . *7*

           *1.*    *Undue delay* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

           *2.*    *Bad faith* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *8*

           *3.*    *Futility* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

           *4.*    *Undue prejudice* . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

*IV.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

## I. INTRODUCTION

The matters before the court are the Motion for Leave to Amend Complaint ("Motion") (docket no. 5) filed by Plaintiff Janet Johnson and the court's order (docket no. 7). Defendants Tyson Fresh Meats, Inc. and Iowa Beef Processors, Inc. (collectively the "Corporate Defendants") have resisted the Motion (docket no. 6).

## II. BACKGROUND

On February 17, 2005, Plaintiff filed a complaint against the Corporate Defendants in the Iowa District Court in and for Black Hawk County. In the complaint, Plaintiff alleged that the Corporate Defendants violated the Iowa Civil Rights Act ("ICRA"), Iowa Code section 216.1 *et seq.*, the Iowa Hate Crimes Act, Iowa Code section 729A.1 *et seq.*, and the Iowa Constitution. Plaintiff also alleged that the Corporate Defendants are vicariously liable for the acts of their employees. On April 19, 2005, the Corporate Defendants removed the case to federal court based on the court's diversity jurisdiction. *See* 28 U.S.C. §§ 1332 (diversity), 1441 (removal).

On June 7, 2005, Plaintiff filed the Motion. In the Motion, Plaintiff sought to add several new defendants: Duane Bailey, Mike Buckels, Dzebo Dizderevic, David Duncan, Ricky Gleason, Tom Hart, Rauko Mrksic, Randy Schultz, Dick Yerkes, Cory last name unknown and John last name unknown (collectively the "Individual Defendants"). Additionally, Plaintiff sought to bring a claim under the ICRA against the Individual Defendants, an assault and battery claim against Bailey, Dizderevic, Gleason and Mrksic and negligent hiring, retention and supervision, negligence and breach of assumed duty claims against the Corporate Defendants. In the Motion, Plaintiff alleged leave to amend a complaint should be liberally granted under Federal Rule of Civil Procedure 15, amending the complaint will not result in undue delay, the amendments are in good faith, the Corporate Defendants will not be prejudiced and equitable considerations support

granting leave to amend.

On June 20, 2005, the Corporate Defendants filed a timely resistance to Plaintiff's Motion. In the resistance, the Corporate Defendants asserted Plaintiff cannot state a claim upon which relief can be granted against the Individual Defendants and Plaintiff seeks to add the Individual Defendants only for the purpose of destroying the complete diversity among the parties.

On June 29, 2005, Chief Magistrate Judge Jarvey filed an order granting Plaintiff's Motion. *Johnson v. Tyson Fresh Meats, Inc.*, No. 05-CV-2041, slip op. at 7-8, 2005 WL 1532608, at *4 (N.D. Iowa June 29, 2005). Chief Magistrate Judge Jarvey concluded the court lacked subject-matter jurisdiction after Plaintiff had added the Individual Defendants and remanded the case to the Iowa District Court in and for Black Hawk County.[1] *Id*.

The court finds the Motion to be fully submitted and therefore turns to consider it.[2]

### III.  THE MERITS

### A.  THE REMAND ORDER

Title 28, United States Code, Section 636 and Rule 72 circumscribe the authority of magistrate judges. Title 28, United States Code, Section 636, in relevant part, provides:

> (1) Notwithstanding any provision of law to the contrary—
> (A) a judge may designate a magistrate judge to hear and
> determine any pretrial matter pending before the court, except
> a motion for injunctive relief, for judgment on the pleadings,

---

[1] Certain facts are now before the court that were not before the court when Chief Magistrate Judge Jarvey ruled on June 29, 2005. If Plaintiff had timely disclosed these facts, Chief Magistrate Judge Jarvey's ruling may have been different.

[2] On January 20, 2006, the Corporate Defendants again removed the case to federal court based on the court's diversity jurisdiction. Case No. 06-CV-1002. For purposes of deciding the Motion, the court need not consider the subsequent removal action.

for summary judgment, to dismiss or quash an indictment or information made by the defendant, to suppress evidence in a criminal case, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action. A judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law. (B) a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion excepted in subparagraph (A), of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

(C) the magistrate judge shall file his proposed findings and recommendations under subparagraph (B) with the court and a copy shall forthwith be mailed to all parties.

Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1). Similarly, Rule 72(b) provides:

A magistrate judge assigned without consent of the parties to hear a pretrial matter dispositive of a claim or defense of a party or a prisoner petition challenging the conditions of confinement shall promptly conduct such proceedings as are required. A record shall be made of all evidentiary proceedings before the magistrate judge, and a record may be

made of such other proceedings as the magistrate judge deems necessary. The magistrate judge shall enter into the record a recommendation for disposition of the matter, including proposed findings of fact when appropriate. The clerk shall forthwith mail copies to all parties.

A party objecting to the recommended disposition of the matter shall promptly arrange for the transcription of the record, or portions of it as all parties may agree upon or the magistrate judge deems sufficient, unless the district judge otherwise directs. Within 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations. A party may respond to another party's objections within 10 days after being served with a copy thereof. The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(a).

Under 28 U.S.C. § 636(b)(1)(A), magistrate judges can hear and determine pretrial matters. *In re Lane*, 801 F.2d 1040, 1042 (8th Cir. 1986). Magistrate judges cannot rule on dispositive motions, that is, any pretrial matter that is "dispositive of a claim or defense of a party . . . ." Fed. R. Civ. P. 72(b); *see* 28 U.S.C. § 636(b)(1)(A). Magistrate judges have "no authority to make a final and binding disposition" of dispositive motions. *United States v. Raddatz*, 447 U.S. 667, 673 (1980).

The Eighth Circuit Court of Appeals has not decided whether remanding a case to state court is dispositive for purposes of 28 U.S.C. § 636 and Rule 72. The United States Courts of Appeals for the Third, Sixth and Tenth Circuits have held that remanding a case

to state court is dispositive. *In re U.S. Healthcare*, 159 F.3d 142, 145 (3d Cir. 1998) ("Nevertheless, because a remand order is dispositive insofar as proceedings in the federal court are concerned, the order is the functional equivalent of an order of dismissal for purpose of [28 U.S.C. § 636(b)(1)(A)]."); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 517 (6th Cir. 2001) (holding "that a remand order is the functional equivalent of an order to dismiss"); *First Union Mortgage Corp. v. Smith*, 229 F.3d 992, 996 (10th Cir. 2000) (stating "a remand order is a final decision or dispositive action that must ultimately be made by the district court to survive Article III scrutiny"); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713-14 (suggesting that a remand order has the same effect on litigation as the dispositive motions listed in 28 U.S.C. § 636(b)(1)(A)). "Most courts have held that an order remanding a removed case to state court is a dispositive order that cannot be entered by a magistrate . . . ." 16 James Wm. Moore *et al.*, *Moore's Federal Practice* § 107.41(1)(e)(iii)(G) (3d ed. 2005). Therefore, the court concludes that remanding a case to state court is dispositive, magistrate judges do not have authority to remand cases to state courts and, accordingly, the court still has jurisdiction over the case. *See, e.g.*, *Vogel*, 258 F.3d at 517-18 ("But, as a dispositive order, a magistrate-issued remand order has no effect until it is 'accepted' by a district court.").

The Eighth Circuit Court of Appeals has examined a similar factual situation: a magistrate judge filed a final order regarding a summons when the magistrate judge should have filed a report and recommendation. *United States v. Mueller*, 930 F.2d 10, 11 (8th Cir. 1991) (per curiam). The parties and the district court treated the order as a recommendation and the district court conducted a *de novo* review of the recommendation. *Id*. Accordingly, here, the court will treat the magistrate judge's order as a recommendation and conduct a *de novo* review. *See, e.g.*, *Vogel*, 258 F.3d at 517 (treating the magistrate judge's order remanding the case to state court as a

recommendation); *cf. Harris v. Folk Constr. Co.*, 138 F.3d 365, 371, 373 (8th Cir. 1998) (reversing and remanding a district court decision when a magistrate judge exercised authority not provided under 28 U.S.C. § 636).

Neither party has filed objections to Chief Magistrate Judge Jarvey's recommendation. Nonetheless, the court will conduct a *de novo* review of the recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "[While Title 28, United States Code, Section 636] does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas v. Arn*, 474 U.S. 140, 154 (1985); *accord Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1208 (8th Cir. 1983) ("It does not follow, however, that the absence of objection relieves the district court of its obligation to act judicially, to decide for itself whether the Magistrate's report is correct.").

### B. *MOTION FOR LEAVE TO AMEND*

Federal Rule of Civil Procedure 15(a) provides: "[A] party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). "Although Rule 15(a) . . . provides that leave to amend shall be freely given when justice so requires, there is no absolute right or automatic right to amend one's complaint." *Meehan v. United Consumers Club Franchising Corp.*, 312 F.3d 909, 913 (8th Cir. 2002) (internal quotation marks and citation omitted). "[A] party's motion to amend should be dismissed on the merits 'only if [it] assert[s] clearly frivolous claims or defenses.'" *Gamma-10 Plastics, Inc. v. Am. President Cos.*, 32 F.3d 1244, 1255-56 (8th Cir. 1994) (quoting *Buder v. Merrill, Lynch, Pierce, Fenner & Smith, Inc.*, 644 F.2d 690, 695 (8th Cir. 1981)). A court typically should grant a motion to amend absent "undue delay, bad faith or dilatory

7

motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of amendment . . . ." *See Thompson-El v. Jones*, 876 F.2d 66, 67 (8th Cir. 1989) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). The court shall now examine each of the relevant factors.

### 1. *Undue delay*

From the day Plaintiff filed the complaint in the Iowa District Court in and for Black Hawk County, Plaintiff waited over one hundred days before filing the Motion. Although "'delay alone is not enough to deny a motion to amend[,]'" *Doe v. Cassel*, 403 F.3d 986, 991 (8th Cir. 2005) (quoting *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 841 (8th Cir. 2004)), undue delay weighs against granting a motion for leave to amend. Here, granting the Motion would require additional discovery and would require the Iowa District Court in and for Black Hawk County to become acquainted with the case. Additionally, the court finds the timing of the Motion to be suspicious. Plaintiff only filed the Motion after the case had been removed to federal court. Plaintiff's proffered reasons for the delay—that she did not know the names of her co-workers and continued to work with several of the Individual Defendants— are incredible. Therefore, the undue delay that would result from granting the Motion weighs against granting it.

### 2. *Bad faith*

Plaintiff has attempted to add the Individual Defendants in bad faith. After the court granted the Motion and remanded the case to state court, Plaintiff conducted discovery without including the names of the Individual Defendants in the caption and never served the Individual Defendants. Plaintiff alleges that failing to include the names of the Individual Defendants was a clerical error and that Plaintiff's counsel ordered her staff to serve the Individual Defendants. Nonetheless, counsel's staff cannot recall such an order. The court finds that Plaintiff never intended to state a claim against the Individual

Defendants, rather Plaintiff only sought leave to amend to destroy the complete diversity that existed among Plaintiff and the Corporate Defendants. Therefore, the court concludes that Plaintiff acted in bad faith by attempting to add the Individual Defendants.

### 3. *Futility*

Granting Plaintiff's Motion would be futile because, under Iowa law, Plaintiff cannot recover from the Individual Defendants. If the court remanded the case to the Iowa District Court in and for Black Hawk County, the court would apply the Iowa Rules of Civil Procedure. Iowa Rule of Civil Procedure 1.302(6), in relevant part, provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service.

Iowa R. Civ. P. 1.302(6). Plaintiff has not provided timely service to the Individual Defendants; therefore, the Iowa District Court in and for Black Hawk County would dismiss Plaintiff's claims against the Individual Defendants. The court concludes that granting Plaintiff's Motion would be futile.

### 4. *Undue prejudice*

The Corporate Defendants would suffer undue prejudiced if the court granted Plaintiff's Motion. Courts should deny a motion for leave to amend if granting the motion would result in undue prejudice. *See Cassel*, 403 F.3d at 991. Here, granting Plaintiff's Motion would prejudice the Corporate Defendants by denying them their right to a federal forum. *See BP Chems. Ltd. v. Jiangsu Sopo Corp. (Group)*, 285 F.3d 677, 685 (8th Cir. 2002) (stating "a plaintiff may not defeat a defendant's right of removal based upon diversity of citizenship by fraudulently joining a non-diverse defendant").

Therefore, the court concludes the Motion must be denied because granting the Motion would result in undue delay, Plaintiff has acted in bad faith, Plaintiff will never recover from the Individual Defendants and the Corporate Defendants would otherwise suffer undue prejudice. Plaintiff only sought to add the nondiverse Individual Defendants to destroy the court's jurisdiction over the case.

## IV. CONCLUSION

In light of the foregoing, **IT IS HEREBY ORDERED**:

(1) Plaintiff Janet Johnson's Motion for Leave to Amend (docket no. 5) is hereby **DENIED**;

(2) Chief Magistrate Judge Jarvey's recommendation (docket no. 7) on the Motion for Leave to Amend is hereby **SET ASIDE**;

(3) The Clerk of Court is directed to consolidate Case Nos. 05-CV-2041-LRR and 06-CV-1002-LRR; and

(4) The parties are directed to file all future documents relating to the underlying state court action, Black Hawk County Case No. LACV 095024, under Case No. 05-CV-2041-LRR.

**IT IS SO ORDERED.**

**DATED** this 17th day of April, 2006.

LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA